IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ARIC W HALL, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case #: 6:16CV36 MHS/KNM |
| | § | |
| LVNV FUNDING, LLC | § | |
| Defendant | § | |

CIVIL COMPLAINT

**To the Honorable U. S. District Court:**

CAUSE OF ACTION: FAIR CREDIT REPORTING ACT (FCRA)

1.  This cause of action is filed for willful and repetitious violations of the Fair Credit Reporting Act (hereinafter "FCRA"), by LVNV Funding, LLC, and its agents (15 USC § 1681n(a)).

JURISDICTION, VENUE, & LIMITATIONS

2.  The U.S. District Court has federal question jurisdiction for claims under FCRA (28 U.S.C. § 1331) and has jurisdiction for any action to enforce liability for violations of the FCRA (15 U.S.C. § 1681p). The Eastern District of Texas, Tyler Division, is the proper venue, as Plaintiff lives here, was harmed here, and the cause of action accrued here (28 U.S.C. § 1391(b)(2)). The statute of limitations is the earlier of: (1) two years from when Plaintiff discovers the violation, or (2) five years after the violation occurs. The violations alleged are within two years.

BACKGROUND

3.  There are two dispute options under FCRA. Plaintiff disputed the entry under FCRA § 611 (15 U.S.C. § 1681i(a)(1), *et seq*). Section 611 is a request for "reinvestigation" made with

the Consumer Reporting Agencies ("CRA"s) (i.e. credit bureaus), who then notify creditor or furnisher of information, who then can be held liable for falsely verifying or falsely submitting information to the CRAs (15 U.S.C. § 1681s-2(b), & 15 U.S.C. § 1681s-2(c)). It is the only avenue where creditors or furnishers of information can actually be held liable. An injured Plaintiff must make disputes with the CRAs, who then investigate the creditors/furnishers, who can then be held liable for false information they provide to the CRAs.

4. A dispute made directly with a creditor/furnisher allows them to investigate themselves, and automatically extends absolute immunity to the creditor/furnisher. It renders § 623 moot, which is exactly what the bank lobbyists intended when they wrote the FCRA (15 U.S.C. § 1681S-2(a), & 15 U.S.C. § 1681S-2(c)(1)). Plaintiff did not take this route, but disputed only with the CRAs, per FCRA § 611, ensuring the liability of Defendants for furnishing false information and then resubmitting a false collection account during the process of Verification with the CRAs.

5. Plaintiff holds that Defendant is a junk debt buyer, who has only purchased an allegation of a debt, not an actual, valid account receivable. Plaintiff does not acknowledge the existence, character, or quantity of any debt alleged by Defendant. Defendant has repeatedly refused to provide any documents, records, names, or any other disclosures required as part of Verification. Defendant's two collection agencies have each refused to provide any documents or records, or other required disclosures as part of the Validation of a debt. Defendant has not and cannot provide any documents or witnesses who can testify or answer Discovery relating to the alleged debt, or to the sale to Capital One, Sherman Financial, or LVNV. Defendant cannot justify its refusal to provide evidence in response to the requests for Verification from Plaintiff or from the CRAs. Defendant cannot justify its false verifications of the alleged debt that were made to

Plaintiff and the CRAs. Defendant has been no stranger to false reporting to the CRAs or to abusive collection practices against many injured consumers. The sequence of communications is as follows:

- 01-28-2014: Defendant posted a collection account on Plaintiff's credit reports.
- 03-21-2014: Credit Control, LLC, a collection agency and agent of Defendant, contacted Plaintiff to collect a debt, which Defendant allegedly purchased from HSBC Bank.
- 04-02-2014: Plaintiff sent demand for validation to Credit Control, LLC. At no time did Defendant or its agent, a collection agency, provided supporting documents/records.
- 04-02-2014: Plaintiff contacted all three Consumer Reporting Agencies ("CRA"s) to demand a reinvestigation of the alleged debt, to which Defendant supposedly verified their claim to each CRA.
- 04-15-2014: Capital One Bank claimed that they sold the account in question to Sherman Financial, the parent company of Defendant.
- 04-24-2014: Equifax reported that the account in question was closed by Plaintiff. Further, Equifax lists the account twice, as a double entry, with one referencing both Capital One and Defendant as owners of the account.
- 04-29-2014: Plaintiff contacted HSBC Bank and Defendant, demanding compliance with the FCRA, and referencing its key sections.
- 04-29-2014: TransUnion reported that Capital One sold the account to Sherman Financial, the parent company of Defendant.
- 04-29-2014: TransUnion reported that Defendant opened a collection account for an account originally with HSBC Bank.

- 05-06-2014: Resurgent Capital, a fellow subsidiary of Sherman Financial, and a collection agency for Defendant, purported to Verify and assert a debt owed by Plaintiff for $430, for an account that allegedly originated with HSBC Bank, then sold to Capital One Bank, and somehow transferred to Defendant.
- 05-09-2014: Capital One claimed to have sold said debt to Sherman Financial, the parent company of Defendant.
- 10-29-2014: Capital One again claimed to have sold the alleged debt to Sherman Financial.
- 11-20-2014: Equifax submits a confusing credit report, claiming that the alleged account belongs to Capital One Bank and Defendant.

## DAMAGES

6.  Plaintiff has suffered actual harm and special injury in the costs of the FCRA dispute process, damaged credit, denial of credit, cost of credit, and in loss of capacity or lost employment opportunities, where good credit is required. Since this dispute process began, Plaintiff has not had any other collection account posted on his credit reports. This not only precludes Plaintiff from qualifying for certain sensitive jobs that requires good credit, it has also caused Plaintiff to be denied federal Grad Plus student loans for that same time period. Two years of those forgivable loans is $30,000 per year equals $60,000. Two years of employment would be at least $30,000 per year which equals $60,000. Over a two-year period, those two items together equal $120,000.

## PRAYER

7.  Plaintiff seeks statutory damages of $1,000, but Plaintiff also seeks $120,000 in compensatory damages and $120,000 in punitive damages, for a total of $240,000 (15 U.S.C. §

1681n(a) & Tex. Civ. Prac. & Rem. §§ 41.003(a) & 41.008). Plaintiff seeks punitive damages as Defendant has acted repeatedly with malice and gross negligence, as supported above. Plaintiff also requests an Order and Permanent Injunction requiring Defendant, its associated subsidiaries of Sherman Financial, and/or the Consumer Reporting Agencies ("CRA"s, a.k.a. "credit bureaus") to remove and permanently prohibit the posting of the account listed by LVNV Funding, LLC from Plaintiff's Consumer Report (a.k.a. "credit report") (15 USC §§ 1681i(a)(5)(A), 1681s-2(a)(1), 1681s-2(a)(2), & 1681s-2(b)). Plaintiff also requests all costs as he shall show himself entitled (15 U.S.C. § 1681n(a)(3)).

**Respectfully,**

*[signature]*

Aric W Hall, Plaintiff, *pro se*

P. O. Box 952
Bullard, TX 75757
(903) 894-8780
arichall@yahoo.com